Richard A. Smith, WSBA #21788
Alyssa Englebrecht, WSBA #46773
SMITH & LOWNEY, PLLC
2317 East John Street
Seattle, Washington 98112
(206) 860-2883

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WASTE ACTION PROJECT, ) ) Plaintiff, ) ) v. ) ) CITY OF LYNWOOD, ) ) Defendant. ) ) _____ ) | COMPLAINT |

## I.  INTRODUCTION

1. This action is a citizen suit brought under Section 505 of the Clean Water Act ("CWA") as amended, 33 U.S.C. § 1365. Plaintiff Waste Action Project seeks a declaratory judgment, injunctive relief, the imposition of civil penalties, and the award of costs, including attorneys' and expert witnesses' fees, for defendant City of Lynwood's repeated and ongoing violations of effluent standards and limitations under the CWA, as defined at 33 U.S.C. § 1365(f), particularly the terms and conditions of its National Pollutant Discharge Elimination System ("NPDES") permit authorizing certain stormwater discharges of pollutants from

COMPLAINT - 1

Defendant's municipal wastewater treatment system in Snohomish County to waters of the United States.

## II. JURISDICTION AND VENUE

2. The Court has subject matter jurisdiction over Plaintiff's claims under Section 505(a) of the CWA, 33 U.S.C. § 1365(a). Sections 309(d) and 505(a) and (d) of the CWA, 33 U.S.C. §§ 1319(d) and 1365(a) and (d), authorize the relief Plaintiff requests.

3. Under Section 505(b)(1)(A) of the CWA, 33 U.S.C. § 1365(b)(1)(A), Plaintiff notified Defendant of Defendant's violations of the CWA and of Plaintiff's intent to sue under the CWA by letter mailed on February 2, 2021. A copy of the Notice Letter is attached to this complaint as <u>Exhibit 1</u>. The allegations in the Notice Letter are incorporated herein by this reference. Plaintiff notified the Administrator of the United States Environmental Protection Agency ("USEPA"), the Administrator of USEPA Region 10, and the Director of the Washington Department of Ecology ("Ecology") of its intent to sue Defendant by mailing copies of the Notice Letter to these officials on February 2, 2021.

4. More than sixty days have passed since the Notice Letter was served and the violations complained of in the Notice Letter identified *infra* are continuing or are reasonably likely to continue to occur. Defendant is in violation of its NPDES permit and the CWA, 33 U.S.C. § 1311(a). Neither the USEPA nor Ecology has commenced any action constituting diligent prosecution to redress these violations.

5. The source of the violations complained of is in Snohomish County, Washington, within the Western District of Washington, and venue is therefore appropriate in the Western District of Washington under Section 505(c)(1) of the CWA, 33 U.S.C. § 1365(c)(1), and 28 U.S.C. § 1391(b).

### III. PARTIES

6. Plaintiff Waste Action Project is suing on behalf of itself and its members.

7. Plaintiff Waste Action Project is a non-profit corporation registered in the State of Washington. Plaintiff Waste Action Project is dedicated to protecting and preserving Puget Sound by tracking down and stopping toxic pollution entering its waters. Plaintiff Waste Action Project is a membership organization and has at least one member who is injured by Defendant's violations.

8. Plaintiff has representational standing to bring this action. Plaintiff's members are reasonably concerned about the effects of discharges of pollutants and stormwater on aquatic species and wildlife that Plaintiff's members observe, study, use, and enjoy. Plaintiff's members are further concerned about the effects of discharges from Defendant's facility on their and other human health. In addition, discharges from Defendant's facility lessen Plaintiff's members' aesthetic enjoyment of nearby areas. Plaintiff has members who live, work, fish, and recreate around or use Browns Bay and the Puget Sound. These members are affected by Defendant's discharges. As a result of the excess discharge of pollutants, Plaintiff's members use these areas less than they otherwise would (e.g., refraining from harvesting fish), and these areas' uses are impaired. The recreational, scientific, economic, aesthetic, and/or health interest of Plaintiff and its members have been, are being, and will be adversely affected by Defendant's violations of the CWA. The relief sought in this lawsuit can redress the injuries to these interests.

9. Defendant is a municipality organized under the laws of Washington.

10. Defendant owns and operates a municipal wastewater treatment plant that discharges pollutants to Browns Bay of Puget Sound.

Smith & Lowney, p.l.l.c.
2317 East John Street
Seattle, Washington 98112
(206) 860-2883

## IV. LEGAL BACKGROUND

11. Section 301(a) of the CWA, 33 U.S.C. § 1311(a), prohibits the discharge of pollutants by any person, unless in compliance with the provisions of the CWA. A discharge of a pollutant from a point source to waters of the United States without authorization by a NPDES permit, issued under Section 402 of the CWA, 33 U.S.C. § 1342, constitutes a violation of Section 301(a) of the CWA, 33 U.S.C. § 1311(a), and an "effluent standard or limitation" under Section 505(a)(1) and (f) of the CWA, 33 U.S.C. § 1365(a)(1) and (f). Conditions of NPDES permits are "effluent standards or limitations" under Section 505(a)(1) and (f) of the CWA, 33 U.S.C. § 1365(a)(1) and (f). Section 505(a)(1) of the CWA, 33 U.S.C. § 1365(a)(1), authorizes citizen suits against violators of "effluent standards or limitations."

12. The State of Washington has established a federally approved state NPDES program administered by the Department of Ecology ("Ecology"). Wash. Rev. Code § 90.48.260; Wash. Admin. Code ch. 173-220. This program was approved by the Administrator of the USEPA pursuant to 33 U.S.C. § 1342(b).

## V. FACTS

13. Defendant Lynnwood operates a wastewater treatment facility located adjacent to Browns Bay, part of Puget Sound, to which it discharges up to 7.4 million gallons per day of treated domestic and industrial wastewater collected from the City of Lynwood service area, which is primarily the city boundary.

14. Pursuant to state law and the CWA, during the relevant period, Ecology first issued NPDES permit no. WA0024931 to Lynwood to authorize and condition discharges from its wastewater treatment plant on October 30, 2013, ("2013 Permit") which was the effective permit until the March 1, 2019, the effective date of the permit reissued on February 8, 2019

Smith & Lowney, p.l.l.c.
2317 East John Street
Seattle, Washington 98112
(206) 860-2883

("2019 Permit"). The 2013 Permit and the 2019 Permit bear the same permit number identifier and contain comparable conditions, limitations, and requirements.

15. Defendant Lynnwood is currently in ongoing violation of the conditions of the 2019 Permit, including violation of numeric effluent limitations established in Condition S1.A. of NPDES permit no. WA0024931 for total suspended solids and chemical biological oxygen demand. These violations have taken place periodically from at least 2016, under the 2013 Permit, and are likely to recur at least intermittently. The specifics of the violations, including their dates, the precise conditions violated, and the monitoring results indicating a violation of the specified numeric effluent limitations are set forth on pages 1 and 2 of the Notice Letter (Exhibit 1), which is incorporated by reference.

16. While Ecology has commenced administrative action to address these violations, it has taken no action constituting "diligent prosecution" or otherwise barring this action under 33 U.S.C. §§ 1319 or 1365, nor has any other regulatory agency.

17. Defendant has benefited economically by its violations and its failure to operate its wastewater treatment facility in compliance with NPDES permit no. WA0024301.

18. Defendant's violations of the CWA degrade the environment and the water quality of the receiving water bodies.

19. Defendant's violations were avoidable had Defendant been diligent in overseeing wastewater treatment facility operations and maintenance.

20. Defendant has a history of significant violations.

21. A significant penalty should be imposed against Defendant pursuant to the penalty factors set forth in 33 U.S.C. § 1319(d).

## VI.     CAUSE OF ACTION

### NPDES Permit Violations

22.    The preceding paragraphs and the allegations in the Notice Letter attached hereto as <u>Exhibit 1</u> are incorporated herein.

23.    Defendant has violated conditions of its NPDES permit, constituting violations of "effluent standard(s) or limitation(s)" under 33 U.S.C. § 1365(a) and (f).

24.    NPDES permit violations committed by Defendant are ongoing or are reasonably likely to continue to occur.  Any and all additional violations of the 2019 Permit and the CWA which occur after those described in Plaintiff's Notice Letter but before a final decision in this action should be considered continuing violations subject to this Complaint.

25.    Without the imposition of appropriate civil penalties and the issuance of an injunction, Defendant is likely to continue to violate the General Permit and the CWA to the further injury of Plaintiff, its members, and others.

26.    A copy of this Complaint is being served upon the Attorney General of the United States and the Administrator of the USEPA as required by 33 U.S.C. § 1365(c)(3).

## VII.    RELIEF REQUESTED

Wherefore, Plaintiff respectfully requests that this Court grant the following relief:

A.    Issue a declaratory judgment that Defendant has violated and continues to be in violation of its NPDES permit and the CWA;

B.    Enjoin Defendant from operating its wastewater treatment plant in a manner that results in further violations of the 2019 Permit and the CWA;

C.    Order Defendant to immediately implement a plan for achieving compliance with the CWA, and to provide Plaintiff with a copy of the plan;

COMPLAINT - 6

Smith & Lowney, p.l.l.c.
2317 East John Street
Seattle, Washington 98112
(206) 860-2883

  D. Order Defendant to allow Plaintiff to participate in the development and implementation of Defendant's plan to achieve compliance with the CWA;

  E. Order Defendant to provide Plaintiff, for a period beginning on the date of the Court's Order and running for five years after Defendant achieves compliance with all of the conditions of the General Permit, with copies of all reports and other documents which Defendant submits to the USEPA or to Ecology regarding Defendant's coverage under the 2019 Permit at the Facility at the time it is submitted to these authorities;

  F. Order Defendant to take specific actions to remediate the environmental harm caused by its violations;

  G. Order Defendant to pay civil penalties of $37,500.00 per day of violation for each violation committed by Defendant through November 2, 2015, $55,800 per day thereafter, pursuant to Sections 309(d) and 505(a) of the CWA, 33 U.S.C. §§ 1319(d) and 1365(a), and 40 C.F.R. § 19;

  H. Award Plaintiff its litigation expenses, including reasonable attorneys' and expert witness fees, as authorized by Section 505(d) of the CWA, 33 U.S.C. § 1365(d), and any other applicable authorization; and

  I. Award such other relief as this Court deems appropriate.

1   RESPECTFULLY SUBMITTED this 7th day of April, 2021

2   Smith & Lowney, pllc

3

4   By:   */s/ Richard A. Smith*
          */s/ Alyssa Englebrecht*
5         Richard A. Smith, WSBA No. 21788
          Alyssa Englebrecht, WSBA No. 46773
6         Attorneys for Plaintiff
          2317 E. John St.
7         Seattle, WA 98112
          Tel: (206) 860-2883
8         Fax: (206) 860-4187
          E-mail: richard@smithandlowney.com
          alyssa@smithandlowney.com

EXHIBIT 1

**SMITH & LOWNEY, P.L.L.C.**
2317 East John Street
Seattle, Washington 98112
(206) 860-2883, Fax (206) 860-4187

February 2, 2021

**Via Certified Mail - Return Receipt Requested**

Mayor Nicola Smith
City of Lynnwood
19100 44th Ave. West
Lynnwood, WA 98046

Re:     **NOTICE OF INTENT TO SUE UNDER THE CLEAN WATER ACT**

Dear Mayor Smith:

      We represent Waste Action Project, P.O. Box 9281, Covington, WA 98042, (206) 849-5927.  Any response or correspondence related to this matter should be directed to us at the letterhead address.  This letter is to provide you with sixty days' notice of Waste Action Project's intent to file a citizen suit against the City of Lynnwood under section 505 of the Clean Water Act ("CWA"), 33 U.S.C. § 1365, for the violations described below that are ongoing at the City of Lynnwood Wastewater Treatment Plant, 17000 76th Avenue West, Edmonds, WA 98026.

      Discharges of wastewater and pollutants from the Lynnwood Plant to Browns Bay of Puget Sound are authorized by National Pollutant Discharge Elimination System ("NPDES") permit number WA0024031, issued by the Washington Department of Ecology on February 8, 2019, with an effective date of March 1, 2019 ("2019 Permit"). Before March 1, 2019, these discharges were authorized by an NPDES permit bearing the same permit number issued by Ecology on October 30, 2013 ("2013 Permit"). The violations alleged below of the conditions of the 2013 Permit and the 2019 Permit are violations of "effluent standards or limitations" under 33 U.S.C. § 1365(a)(1). 33 U.S.C. § 1365(f). All alleged violations are ongoing in that they are continuing or likely to recur in the future.

      **Violations**

1.     The 2019 Permit and 2013 Permit Condition S1.A. establishes effluent limitations for discharges from the Lynnwood Plant's outfall 001, including the average weekly total suspended solids ("TSS") loading limitation of 2,777 lbs/day. Lynnwood has violated this limitation:

|    | Day in week of violation | Weekly average TSS loading |
|----|--------------------------|----------------------------|
| 1. | 12/20/20                 | 3523 lbs/day               |
| 2. | 9/1/20                   | 2782                       |

Notice of Intent to Sue - 1

2. Condition S1.A. of both permits establishes the weekly average maximum effluent limitation for TSS concentration at 45 mg/L. Lynnwood has violated this limitation:

|     | Date in week of violation | TSS average weekly concentration |
| --- | --- | --- |
| 1.  | 10/18/20 | 51 mg/L |
| 2.  | 9/1/20 | 103 |
| 3.  | 8/9/20 | 95.1 |
| 4.  | 9/22/19 | 68.9 |
| 5.  | 6/23/19 | 76 |
| 6.  | 6/2/19 | 55.26 |
| 7.  | 11/14/18 | 83.8 |
| 8.  | 11/25/18 | 37.34 |
| 9.  | 10/29/18 | 67.5 |
| 10. | 9/16/18 | 65.2 |
| 11. | 8/6/17 | 62.7 |
| 12. | 7/3/16 | 80.7 |

3. Condition S1.A. of both permits establishes the monthly average maximum effluent limitation for TSS concentration at 30 mg/L. Lynnwood has violated this limitation:

|     | Month of violation | Monthly average TSS loading |
| --- | --- | --- |
| 1.  | October 2020 | 30.5095 mg/L |
| 2.  | September 2020 | 30.9 |
| 3.  | August 2020 | 43.0364 |
| 4.  | September 2019 | 31.3909 |
| 5.  | June 2019 | 45.8048 |
| 6.  | November 2018 | 45.3 |
| 7.  | August 2017 | 36.2609 |
| 8.  | July 2017 | 30.95 |

4. Condition S1.A. of both permits establishes the average monthly effluent limitation for TSS percent removal at 85% or greater.

|     | Month of violation | Average TSS removal |
| --- | --- | --- |
| 1.  | August 2020 | 83.3% |
| 2.  | June 2019 | 81.9 |
| 3.  | November 2018 | 79.7 |

5. Condition S1.A. of both permits establishes the average weekly effluent limitation for carbonaceous biochemical oxygen demand ("CBOD") concentration at 40 mg/L. Lynnwood has violated this limitation:

|     | Day in week of violation | Weekly average CBOD concentration |
| --- | --- | --- |
| 1.  | 9/1/20 | 41.5 mg/L |

**CONCLUSION**

The above-described violations reflect those indicated by the information currently available to Waste Action Project. These violations are ongoing. Waste Action Project intends to sue for all violations, including those yet to be uncovered and those committed after the date of this Notice of Intent to Sue.

Under Section 309(d) of the CWA, 33 U.S.C. § 1319(d), each of the above-described violations subjects the violator to a penalty of up to $55,800 per day for each violation. In addition to civil penalties, Waste Action Project will seek injunctive relief to prevent further violations under Sections 505(a) and (d) of the CWA, 33 U.S.C. § 1365(a) and (d), and such other relief as is permitted by law. Also, Section 505(d) of the CWA, 33 U.S.C. § 1365(d), permits prevailing parties to recover costs, including attorney's fees.

Waste Action Project believes that this NOTICE OF INTENT TO SUE sufficiently states grounds for filing suit. We intend, at the close of the 60-day notice period, or shortly thereafter, to file a citizen suit the City of Lynnwood under Section 505(a) of the Clean Water Act for violations.

During the 60-day notice period, we would be willing to discuss effective remedies for the violations addressed in this letter and settlement terms. If you wish to pursue such discussions in the absence of litigation, we suggest that you initiate those discussions within 10 days of receiving this notice so that a meeting can be arranged and so that negotiations may be completed promptly. We do not intend to delay the filing of a complaint if discussions are continuing when the notice period ends.

    Sincerely,

    Smith & Lowney, PLLC

    By: *s/ Richard A. Smith*
    Richard Smith
    Alyssa Englebrecht

cc:    Andrew Wheeler, Administrator, U.S. EPA
        Chris Hladick, Region 10 Administrator, U.S. EPA
        Laura Watson, Director, Washington Department of Ecology